14026

OWENS v. NORTH CAROLINA MUTUAL LIFE INS. CO.

(179 S. E., 37)

*Messrs. Lide & Felder,* for appellant,

*Messrs. W. C. Wolfe* and *S. Morgan,* for respondent,

March 26, 1935.

The opinion of the Court was delivered by Mr. Justice Carter.

This suit by Thomas F. Owens, executor of the estate of Benjamin Thomas, deceased, against the defendant, North Carolina Mutual Life Insurance Company, commenced in the Court of Common Pleas for Orangeburg County, March 12, 1934, is an action based on an insurance policy issued by the defendant on the life of the said Benjamin Thomas, August 10, 1929, who died November 20, 1933. Issues being joined, the case was tried at the June, 1934, term of said Court before his Honor, Judge M. M. Mann, and a jury, resulting in a verdict for the plaintiff for the full amount of the policy, $3,000.00. From the judgment entered on the verdict rendered in the cause the defendant has appealed to this Court, imputing error to the trial Judge in the particulars set forth in the several exceptions filed in the case.

The errors alleged by the appellant are set forth under seven exceptions, but, according to brief filed by appellant's counsel in the cause, there are but three questions involved in the appeal, namely:

"1. Does the non-payment of the premium note, which alone contains the stipulation for a forfeiture of the policy, make the policy forfeited and void?

"2. Does the changing of the beneficiary after non-payment of the premium note, which alone contains the stipulation for a forfeiture of the policy; and which policy after forfeiture still carries a paid-up value, constitute waiver?

"3. Did the trial Judge err in his instructions to the jury?

The policy involved provided for semiannual payments of premiums in the sum of $53.19, and, so far as the record discloses, the premium was promptly paid from the date of the issuance of the policy, August 10, 1929, until August 10, 1933, when on that date, by agreement between the insured and the insurance company, the insured paid to the company on the premium then owing the sum of $25.19 in cash, and executed and delivered to the insurance company a note for the balance of the premium, whereby he agreed,

under the terms of said note, for value received, on or before November 10, 1933, without grace and without demand or notice, to pay to the order of the said insurance company, at its office, Durham, N. C., the sum of $28.00, with interest at the rate of 6 per cent. per annum from August 10, 1933. The said note also contained a statement to the effect that it was accepted by the company at the request of the maker (the insured) on the following express agreement: "That although no part of the Semi-Annual premium due on the 10th day of Aug., 1933, under Policy No. 75497 issued by said Company on my life, has been paid, the insurance thereunder shall be continued in force until midnight of the due date of this note. That if this note be paid on or before the date it becomes due, such payment, together with said cash, will then be accepted by said Company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due. That if this note be not paid on or before the date it becomes due, it shall thereupon cease to be a claim against the maker, and said Company shall retain said cash as part compensation for the rights and privileges hereby granted, and all rights under said policy shall terminate as if said cash had not been paid nor this note and agreement made. That. the amount of this note and interest shall be deducted from the amount payable upon said policy if the same becomes payable before maturity hereof. That said Company has duly given every notice required by its rules or by the laws of any State, in respect to said premium, and in further compensation for the rights and privileges hereby granted, the maker hereof has agreed to waive, and does hereby waive every other notice in respect to said premium on this note, it being well understood by said maker that said Company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms. It is further agreed that any demand or request for the payment

of this note, whether before or after maturity, shall not have effect of extending said insurance contract beyond the due date of this note."

The note was not paid on its due date. On November 20, 1933, the insured died. Before the death of the insured, November 16, 1933, the insured made application to the insurance company for a change in the beneficiary. This request was granted and the estate of the insured was made the beneficiary. It appears, however, that notice of the granting of this request was not sent out until November 25, 1933.

At the close of the testimony the defendant made a motion for a directed verdict in the case on the ground that the policy, at the time of the death of the deceased, had become void because of the nonpayment of the premium note, which note we have referred to above. In making said motion counsel for the defendant stated that the company owed some amount of the policy, but contended that the plaintiff was not entitled to recover for the full amount of the policy and asked the Court to direct a verdict for the plaintiff in the sum of $93.06, taking the position that this was all that the company was liable for, under the terms of the policy and the facts in the case, considered in connection with the provisions of the said note, above referred to. In this connection, as contended by the defendant in making said motion, there was testimony offered by the defendant to the effect that within four days after the due date of said note, November 10, 1933, the officers of the defendant caused to be mailed to the insured notice of the nonpayment of the note referred to, and contended, in effect, that the said policy was void for the reason that said payment was not made within the time specified in said note. The trial Judge overruled the motion, stating, in effect, in making said ruling that even though the note was not paid when due and after sending out notice to that effect, the insurance company went ahead and changed the beneficiary under the terms of the policy. This statement

of the trial Judge is supported by the record, and we agree with his Honor that it was proper for the case to go to the jury on the question of waiver, as to whether or not the company had waived its right to declare a forfeiture when the note in question was not paid on its due date. In this connection we wish to state that we do not consider it necessary to discuss the provisions of the policy but wish to call attention to the fact that the policy does not contain the provision set out in the note regarding the effect of the failure to pay such note on due date. Therefore, the case of *Stubbs v. Philadelphia Life Insurance Co.,* 151 S. C., 326, 149 S. E., 2, 83 A. L. R., 830, cited by appellant, is not controlling in the case at bar. Under the facts of the case, in our opinion, the trial Judge could not hold, as a matter of law, that the nonpayment of the premium note, which alone contains the stipulation for the forfeiture of the policy, makes the policy forfeited and void, and properly, therefore, refused to direct a verdict for the defendant on this ground, and, under the testimony in the case, we think properly submitted to the jury the issue of forfeiture. Furthermore, if the company had the right, under the facts of the case, to declare a forfeiture, it had the right to waive such right and, in our opinion, there being testimony tending to show a waiver, it was proper for the trial Judge to submit that issue to the jury.

A careful consideration of the entire charge convinces us that the defendant was in no way prejudiced by the instruction given the jury.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MESSRS. JUSTICES STABLER and BONHAM, and MR. E. C. DENNIS, Circuit Judge, and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.